NOT FOR PUBLICATION
File Name:  05a0907n.06
Filed:  November 17, 2005

NO. 04-3947

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

RROK LLESHDEDAJ; TRASHE
LLESHDEDAJ; JOZEF LLESHDEDAJ,

     Petitioners-Appellants,

v.

ALBERTO GONZALES,
Attorney General of the United States,

     Respondent-Appellee.

ON APPEAL FROM THE
BOARD OF IMMIGRATION
APPEALS

_____/

BEFORE:  KEITH, SUHRHEINRICH, and CLAY, Circuit Judges.

     **SUHRHEINRICH, J.,** Petitioners-Appellants Rrok Lleshdedaj, Trashe Lleshdedaj, and

Jozef Lleshdedaj seek petition for review of the Order of the Board of Immigration Appeals

affirming, without opinion, the Order of the immigration judge denying their applications for

asylum, withholding of removal, and protection under the U.N. Convention Against Torture.  For

the following reasons, the petition for review is **DENIED**.

**I.**

     In August 2000,  Rrok Lleshdedaj, his wife Trashe Lleshdedaj, and their son, Jozef

Lleshdedaj (collectively, "the Lleshdedajs") fled their native Kosovo.  They entered the United

States on October 5, 2000.  On the day of their arrival to the United States, Rrok was served with

a Notice to Appear before an immigration judge in Detroit, Michigan to show why he should not be

removed for being an alien present in the United States without having been admitted or paroled.

A removal hearing was held at which the Lleshdedajs, through their attorney, admitted the allegations and conceded their removability as charged. They later applied for asylum, withholding of removal, and protection under the U.N. Convention Against Torture. The immigration judge held a later hearing to decide the merits of their claims. The only meaningful evidence the Lleshdedajs offered in support of their applications was Rrok's testimony.

The immigration judge concluded that the Lleshdedajs proved past persecution on account of membership in a particular social group. Under 8 C.F.R. § 208.13(b)(1), they were thus entitled to a presumption of a well-founded fear of future persecution necessary for granting an application for asylum. He concluded further, however, that the presumption was rebutted by proof of changed circumstances in Kosovo and that the Lleshdedajs failed to satisfy their burden of proof in establishing a well-founded fear of future persecution from other evidence. Accordingly, the immigration judge denied the applications.

The Lleshdedajs timely appealed the order to the Board of Immigration Appeals ("BIA"). The BIA affirmed, without opinion, the order of the immigration judge in accordance with 8 C.F.R. § 1003.1(e)(4). A timely petition for review in this Court followed.

**II.**

The Lleshdedajs raise the following two issues on appeal: (1) whether the immigration judge erred in denying their application for asylum; and (2) whether the BIA's summary affirmance process violates the due process guarantee of the Fifth Amendment.[1]

_____

[1]By failing to exhaust their administrative remedies with the BIA, the Lleshdedajs have waived review of the denial of their applications for withholding of removal and for protection under the Convention Against Torture, 8 U.S.C. § 1252(d); *Ramani v. Ashcroft*, 378 F.3d 554, 560 (6th Cir. 2004). In addition, their equal protection challenge has been waived for want of argument, *see Indeck Energy Servs., Inc. v. Consumers Energy Co.*, 250 F.3d 972, 979 (6th Cir. 2000) ("[I]ssues

## A.

Where the BIA affirms the order of the immigration judge without opinion, this Court reviews the order of the immigration judge directly. *Denko v. INS*, 351 F.3d 717, 723, 726 (6th Cir. 2003); *cf.* 8 C.F.R. § 1003.1(e)(4)(B)(ii). An application for asylum "'involves a two-step inquiry: (1) whether the applicant qualifies as a "refugee" as defined in [8 U.S.C.] § 1101(a)(42)(A), and (2) whether the applicant merits a favorable exercise of discretion by the [immigration judge].'" *Yu v. Ashcroft*, 364 F.3d 700, 702 (6th Cir. 2004) (quoting *Ouda v. INS*, 324 F.3d 445, 451 (6th Cir. 2003)). The first inquiry is reviewed under a substantial evidence standard. *Id.* This means "findings of fact are 'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Id.* (quoting 8 U.S.C. § 1252(b)(4)(B)). The second inquiry is "conclusive unless manifestly contrary to the law and an abuse of discretion." 8 U.S.C. § 1252(b)(4)(D); *Yu*, 364 F.3d at 703.

An alien may prove refugee status by establishing that he or she is unwilling to return to his or her native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). Proof of past persecution raises a presumption of a well-founded fear of persecution. 8 C.F.R. § 208.13(b)(1). The government may rebut this presumption by proving by a preponderance of the evidence a fundamental change in circumstances that would negate such a fear. § 208.13(b)(1)(i)(A). If rebutted, the alien has the burden of proving a well-founded fear of future persecution. *See Mikhailevitch v. INS*, 146 F.3d 384, 390 (6th Cir. 1998). Establishing a

adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived . . . ." (internal quotation omitted)).

well-founded fear of future persecution requires proof that (1) the alien has an objective and subjective fear of persecution on account of one of the named classifications; (2) there is a reasonable possibility of suffering such persecution if returned to the alien's native country; and (3) the alien is unable or unwilling to return to that country because of such fear. *Id.* at 389; § 208.13(b)(2).

The immigration judge found that the Lleshdedajs had proved past persecution on account of membership in a particular social group. This entitled the Lleshdedajs to a presumption of refugee status. The immigration judge also found, however, that the government had proved a fundamental change in circumstances that rebutted this presumption and further found that the Lleshdedajs failed to prove a well-founded fear of future persecution with other evidence. The Lleshdedajs challenge these findings.

The evidence established the following. Shortly after Serbs destroyed the Llesdedajs' home, NATO forces took control of Kosovo and the Serbian forces fled the country. Upon the Serbian withdrawal, the Lleshdedajs returned to their home and lived there for more than a year without incident. Rrok's mother has continued to reside in the Lleshdedajs' village of Dakovica without harm or threat of harm. Rrok was never arrested, detained, or interrogated on account of his ethnicity. In addition, the Attorney General submitted Country Reports on Human Rights Practices published by the U.S. Department of State that detail the current conditions in Kosovo.[2] The

---

[2]The Lleshdedajs argue that, since the country reports do not address the conditions of their village specifically, the government failed to prove a fundamental change in circumstances. This argument is without merit. Notwithstanding the fact that the immigration judge relied very little on this evidence in rendering his decision, "[a]n applicant does not have a well-founded fear of persecution if the applicant could avoid persecution by relocating to another part of the applicant's country . . . if . . . it would be reasonable to expect the applicant to do so." 8 C.F.R. § 208.13(b)(2)(ii). The Lleshdedajs made no attempt to show why it would be unreasonable to expect

-4-

immigration judge concluded that the government had proved a fundamental change in circumstances. In light of all of this evidence, we cannot say that a reasonable adjudicator would be compelled to conclude otherwise.

In the absence of a presumption in their favor, the Lleshdedajs have no basis to claim a well-founded fear of future persecution. The stated reasons for not wanting to return to Kosovo were that Rrok "can't reside anymore" with Muslims and that he cannot have his son at "the same school where those Muslim students go." The immigration judge concluded the Lleshdedajs failed to satisfy their burden of proof. The record does not compel a different result. Likewise, the immigration judge's decision denying asylum was neither contrary to law nor an abuse of discretion.

**B.**

The Lleshdedajs also claim that the BIA's "streamlining" procedure, whereby one member of the BIA may issue a summary affirmance without also issuing a separate opinion, 8 C.F.R. § 1003.1(e)(4), denies them a full and fair hearing as required by the Due Process Clause of the Fifth Amendment. This Court in *Denko* fully addressed these alleged due process violations and upheld the streamlining procedure as constitutional. *See Denko*, 351 F.3d at 726-30. Thus, the Lleshdedajs' claim is without merit.

**III.**

For the foregoing reasons, the petition for review is **DENIED**.

---

them to relocate.